**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FEDERICO CUETO JIMENEZ,

    Petitioner,

vs.

ROBERT LEGRAND, et al.,

    Respondents.

Case No. 3:11-cv-00237-RCJ-WGC

**ORDER**

    Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#7) and respondents' answer (#10). The court finds that petitioner is not entitled to relief, and the court denies the petition.

    In state district court, petitioner originally was charged with first-degree kidnaping and attempted lewdness with a child under the age of fourteen (14). Ex. 3 (#11). Petitioner and the prosecution apparently tried but failed to come to a plea agreement. Ex. 4 (#11). Petitioner then was charged with sexual assault with a minor under fourteen (14) years of age and lewdness with a child under the age of fourteen (14). Ex. 5 (#11). The parties then agreed for petitioner to plead guilty to attempted lewdness with a child under the age of fourteen (14). Ex. 7 (#11). An officer of the state's Department of Public Safety, Division of Parole and Probation, prepared a pre-sentence investigation report. Ex. 40 (#13) (sealed). Petitioner was convicted in accordance with the plea agreement. Ex. 10 (#11). Petitioner did not appeal from the judgment of conviction. Petitioner did file a post-conviction habeas corpus petition in the state district court. Ex. 14 (#11). The state

district court denied the petition. Ex. 24 (#11). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 39 (#11). Petitioner then commenced this action.

The plea agreement contained three provisions that are relevant to petitioner's claims in the petition. First, the parties stipulated to a prison sentence with a minimum term of five (5) years and a maximum term of twenty (20) years. Id. at 1. Second, petitioner was informed that attempted lewdness is an offense that is eligible for probation, upon petitioner's satisfaction of a psychosexual evaluation. Id. at 2.[1] Third, petitioner, who is an alien, was informed that his plea could affect his immigration status and his continued presence in the United States. Id. at 3-4.

Congress has limited the circumstances in which a federal court can grant relief to a petitioner who is in custody pursuant to a judgment of conviction of a state court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 131 S. Ct. 770, 784 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

Richter, 131 S. Ct. at 785. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Id. (citation omitted). "A state

---

[1] Nev. Rev. Stat. § 176A.100 does not allow probation for a person convicted of completed lewdness with a child under the age of fourteen (14). The statute mentions nothing about a person convicted of attempted lewdness with a child under the age of fourteen (14).

court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (citation omitted).

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity.  The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

Richter, 131 S. Ct. at 786.

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id., at 786-87.

In count 1, petitioner claims that his plea agreement was breached because the pre-sentence investigation report misstated his immigration status and because it recommended that he not receive parole. Petitioner raised the same claim in his state habeas corpus petition. The Nevada Supreme Court held that it was outside the scope of claims permissible in a habeas corpus petition that challenges a judgment of conviction based on a guilty plea. Ex. 39, at 2 (#11) (citing Nev. Rev. Stat. § 34.810(1)(a)).

Respondents first argue that ground 1 is procedurally defaulted because the Nevada Supreme Court used § 34.810(1)(a). A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991). Section 34.810(1)(a) requires dismissal of a state post-conviction habeas corpus petition if "[t]he petitioner's conviction was upon a plea of guilty or guilty but mentally ill and the petition is not based upon an allegation that the plea was involuntarily or unknowingly entered or that the plea was entered without effective assistance of counsel." Application of § 34.810(1)(a) presupposes the existence of a valid, knowing, and voluntary guilty plea. The validity of a guilty

1  plea is a question of federal law. Brady v. United States, 397 U.S. 742, 748 (1970). Consequently,
2  in applying § 34.810(1)(a), the state courts would appear to be ruling upon the antecedent question
3  of federal law. In such circumstances, the court cannot conclude that § 34.810(1)(a) is a state-law
4  procedural bar that is independent of federal law.

5        The court agrees with respondents' alternative argument that the ground is without merit.
6  Petitioner was advised in the plea agreement that a pre-sentence investigation report would be
7  prepared before sentencing, that the information could contain hearsay information and petitioner's
8  criminal history, that he could comment on the information in the report, and that the prosecutor
9  also could comment on the report unless the prosecutor has agreed otherwise. Ex. 8, at 4 (#11).
10 The plea agreement noted that he was eligible for probation, upon meeting certain conditions. Id. at
11 2. Attempted lewdness with a child under the age of fourteen (14) is a crime that is eligible for
12 probation, and state law requires that notice, with no stated exception for a stipulated sentence of
13 prison. Nev. Rev. Stat. § 174.063  The plea agreement did not note that the prosecution would
14 recommend probation. Indeed, given that the parties stipulated to a sentence of a minimum of five
15 (5) years and a maximum of twenty (20) years in prison, petitioner was on notice that the pre-
16 sentence investigation report might not recommend probation. The plea agreement advised
17 petitioner that because he was not a citizen, he could be removed from the United States. Ex. 8, at
18 3-4. Finally, the plea agreement noted that the court need not accept the recommended sentence.
19 Ex. 8, at 3. At the hearing, petitioner, petitioner's counsel, and the court all understood that
20 petitioner would be receiving prison time and that he would not be put on probation. Ex. 9, at 6
21 (#11). Petitioner received exactly the sentence that the plea agreement contemplated, and thus the
22 pre-sentence investigation report was not a breach of the plea agreement. Ground 1 is without
23 merit.

24       In ground 2, petitioner claims that his plea was not knowing or voluntary because the pre-
25 sentence investigation report recommended that petitioner not receive probation. Petitioner
26 presented the same claim in his state post-conviction habeas corpus petition. The Nevada Supreme
27 Court held:

28

> Next, appellant claimed that his guilty plea was not entered voluntarily, knowingly, and intelligently because of the recommendation contained in the PSI. Appellant failed to demonstrate that his plea was invalid because he entered his plea prior to the PSI being completed. See Bryant v. State, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986); see also Hubbard v. State, 110 Nev. 671, 675, 877 P.2d 519, 521 (1994). Therefore, the district court did not err in denying this claim.

Ex. 39, at 2 (#11). The recommendation of no probation in the pre-sentence investigation report could not have made petitioner's plea unknowing and involuntary. The parties stipulated to a prison sentence from five (5) years to twenty (20) years. As noted above, everyone understood at the time of the plea hearing that petitioner would be sentenced to prison. Petitioner received the stipulated sentence. The recommendation of no probation in the pre-sentence investigation report was no different than what was contemplated in the plea agreement. Ground 2 is without merit.

Ground 3 is a claim of ineffective assistance of counsel, because at sentencing counsel did not argue either for probation or for the sentence recommended in the pre-sentence investigation report, which was for a minimum term of thirty-two (32) months and a maximum term of one hundred forty-four (144) months in prison.

A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694.

> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," . . . and when the two apply in tandem, review is "doubly" so . . . . The Strickland standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Harrington v. Richter, 131 S. Ct. 770, 788 (2011) (citations omitted).

Petitioner presented the same claim in his state post-conviction habeas corpus petition. On appeal, the Nevada Supreme Court held:

> In his petition filed on March 10, 2010, appellant claimed that counsel was ineffective for . . . failing to argue for probation or the sentence recommended in the PSI.  Appellant failed to demonstrate that he was prejudiced because he failed to demonstrate a reasonable probability of a different outcome . . . had counsel argued for probation or the recommendation made in the PSI. . . .  Appellant stipulated to a sentence of five to twenty years and the district court imposed that sentence.  Therefore, the district court did not err in denying this claim.

Ex. 39, at 1-2 (#11) (citations and references to argument on immigration status omitted).  This was a reasonable determination, particularly when placed in the context of what charges petitioner was facing.  After the collapse of the first plea agreement, petitioner was charged with with sexual assault with a minor under fourteen (14) years of age and lewdness with a child under the age of fourteen (14).  Ex. 5 (#11).  At the time, sexual assault with a minor under fourteen (14) years of age and no substantial bodily harm carried a sentence of life imprisonment with parole eligibility after thirty-five (35) years.  Nev. Rev. Stat. § 200.366(3)(c) (2008).  Lewdness with a child under the age of fourteen, with no prior convictions for the same crime, carried a sentence of life imprisonment with parole eligibility after ten (10) years.  Nev. Rev. Stat. § 201.230(2) (2008).  Neither sexual assault with a minor under fourteen (14) years of age nor lewdness with a child under the age of fourteen (14) were eligible for probation.  Nev. Rev. Stat. § 176A.100(1)(a).  If petitioner did not plead guilty and was convicted of both charges, then he would have spent at least thirty-five (35) years in prison, instead of spending at least five (5) years in prison under the plea agreement.  In exchange for dropping the more serious charge, it was not unreasonable for the prosecution to insist on a stipulated sentence that required time in prison.  Conversely, it was not unreasonable for counsel and petitioner to agree to a stipulated sentence that required time in prison in exchange for dropping charges that would have resulted in petitioner spending even more time in prison.  Furthermore, the written plea agreement set out a stipulated sentence, and it did not retain any right for either party to argue for another sentence or for probation.  Counsel could not have argued for for probation or for the sentence recommended in the pre-sentence investigation report without breaching the plea agreement.  The Nevada Supreme Court reasonably applied Strickland.  28 U.S.C. § 2254(d)(1).

To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also James v. Giles, 221 F.3d 1074, 1077-79 (9th Cir. 2000).  The court determines that reasonable jurists would find any of the court's determinations to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#7) is **DENIED**.  The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

Dated:   July 30, 2014

_____
ROBERT C. JONES
United States District Judge